* * * * * * * * * * *
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before the Deputy Commission and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order. Accordingly, the Full Commission affirms the Decision and Order of the Deputy Commissioner.
 * * * * * * * * * * *
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 30 years of age, incarcerated by the State of North Carolina and was serving a term of twenty-two years, eleven months for robbery with a dangerous weapon (the principal offense).
2. On and about September 27, 2002, plaintiff was being housed at Nash Correctional Institute. On this day at approximately 10:15 a.m., plaintiff was in his assigned cell when he heard a knock on the cell door. Plaintiff got dressed and went downstairs. When plaintiff went downstairs, fellow Nash Correctional Institute inmate Richard Deeter said he wanted to talk to plaintiff. Deeter pulled a shank and nicked plaintiff on the left arm. Plaintiff picked up a fan and placed the fan in between them. Officer Wyatt, who was assigned to the block where the assault occurred, ended the fight by spraying Deeter with mace and ordering plaintiff to "step away." Deeter was "locked up" and tested positive for crack cocaine.
3. The scar on plaintiff's left arm, resulting from the September 27, 2002, assault, was approximately one to four inches in length and was a superficial wound. Plaintiff experienced pain and sharp burning around the wound area. Plaintiff's wound was treated with antiseptic cleaner and wiped clean. He experienced minimal blood loss, no wound closures were necessary, and no follow-up treatment was required. Plaintiff experienced only a few days of pain, and the wound healed properly.
4. Plaintiff alleges that Officer Wyatt, Assistant Unit Manager Michael Mills, and the staff at Nash Correctional Institute were negligent in failing to properly supervise the block area, ignoring Deeter's unauthorized presence in the block area, and failing to order Deeter to leave the area (as Deeter was not assigned to the block where the assault occurred).
5. Plaintiff testified he has suffered physical, emotional and mental damage as result of the assault.
6. Assistant Unit Manager Michael Mills testified that Deeter came in the block area through a common door in the recreation area that joins the various block areas. Mills investigated the incident and thinks Officer Wyatt acted "bravely in this situation and placed his own life in danger."
7. Plaintiff has presented insufficient evidence that Officer Wyatt, Assistant Unit Manager Michael Mills, or the staff at Nash Correctional Institute failed to properly supervise the block area, ignored Deeter's presence in the block area, and/or failed to order Deeter to leave the area.
8. Additionally, even in the event of a finding of negligence on the part of the named officers, plaintiff has offered insufficient evidence of actual damages as related to the September 27, 2002, assault by a fellow inmate.
9. Plaintiff has failed to prove by the greater weight of the evidence that any officer, employee, involuntary servant or agent of the North Carolina Department of Correction was negligent in the alleged loss of his property, or was negligent in any other manner.
 * * * * * * * * * * * CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291, et seq. requires that the plaintiff demonstrate negligence of an officer, employee, involuntary servant or agent of the State of North Carolina by the greater weight of the evidence.
2. Plaintiff has failed to prove by the greater weight of the evidence that any officer, employee, involuntary servant or agent of the North Carolina Department of Correction was negligent in the alleged loss of his property, or was negligent in any other manner.
3. Plaintiff is not entitled to any recovery from the defendant.
 * * * * * * * * * * *
Based upon the forgoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
 1. Plaintiff shall have and recover nothing from the defendant in this civil action, and plaintiff's claim for the same is DISMISSED WITH PREJUDICE.
 2.Defendant shall bear the costs, and no costs are taxed against the plaintiff.
This the __ day of November 2006.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER